United States District Court
Middle District of Florida
Jacksonville Division

GURGEN PETROSYAN,

       *Plaintiff,*

v.                                NO. 3:22-cv-461-MMH-PDB

ACTING COMMISSIONER OF SOCIAL
SECURITY,

       *Defendant.*

---

## Report and Recommendation

In this appeal of a denial of social security benefits, Doc. 1 at 2, the plaintiff moves for injunctive and declaratory relief, Doc. 17. Specifically, he asks the Court to (1) enjoin the Acting Commissioner of Social Security from calling administrative law judges (ALJs) "judges" and (2) declare invalid public law number 95-251, 92 Stat. 183—the act designating former "hearing examiners" as "administrative law judges" and increasing the number of ALJ positions. Doc. 17 at 1, 5, 10. The Acting Commissioner opposes an injunction, Doc. 17 at 14, but filed no response.

## I.    Motion

Relying on his own understanding of the term "judge," the plaintiff contends the title "administrative law judge" is misleading. Doc. 17 at 2–9. He asserts a judge must be independent, and as an employee of the Social Security

Administration (SSA), an ALJ is not independent.[1] Doc. 17 at 4. He explains he attended a hearing before an ALJ believing in the ALJ's independence, but his "faith … was misguided and misinformed." Doc. 17 at 4. He states the designation gives "a false impression that [the ALJ] is a neutral party" who "will decide the case on the facts and not on the pressures of governmental budget and any other employment obligations including performance metrics and including up to employment termination." Doc. 17 at 4–5 (emphasis omitted).

The plaintiff asserts he "was cheated from judicial representation at the administrative hearing," Doc. 17 at 10 (emphasis omitted), and states, "One out of many reasons I did not hire a lawyer [was] because I understood that a judge is an independent entity same as the federal court judge," Doc. 17 at 6 (emphasis omitted). He adds, "In my humble non-legal understanding …, the [C]ommissioner impinges on 18 U.S. Code § 912[2] and 28 U.S. Code § 453[3] by falsely impersonating and promulgating a judicial position without judicial power and judicial oath not granted to the commissioner by the federal laws and U.S. [C]onstitution." Doc. 17 at 5.

---

[1] The plaintiff explains he is "not questioning [the] ALJ's constitutional appointment by the Commissioner and the ALJ process of deliberation" but is "questioning the misleading designation of title administrative law judge." Doc. 17 at 5–6 (emphasis and capitalization omitted).

[2] 18 U.S.C. § 912 provides, "Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both."

[3] 28 U.S.C. § 453 establishes the oath each federal judge or justice must take before performing the duties of the office.

2

The plaintiff asks the Court "to invalidate a section of public law P.L. 95-251, 92 Stat. 183 (1978), because the word judge conflicts with the duties of the executive and judicial branches and falsely misinforms citizens like [him] of the judicial position that does not exist in the executive branch." Doc. 17 at 5 (emphasis omitted).

## II.    Law

### A.    *ALJs and Reviews of ALJ Decisions*

An applicant denied benefits upon initial consideration and reconsideration may request a hearing before an ALJ.[4] 20 C.F.R. § 404.930(a). ALJs once had been called hearing examiners, but Congress changed the designation in 1978. *See* Pub. L. No. 95-251, 92 Stat. 183 (amending the United States Code to replace "hearing examiners" with "administrative law judges").

Congress safeguards ALJ independence in 5 U.S.C. § 5372, which establishes compensation for ALJs, and in 5 U.S.C. § 554(d)(2), which prohibits an ALJ from being "responsible to or subject to the supervision of an employee or agent engaged in the performance of investigative or prosecuting functions for" the SSA.

An ALJ "shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 404.940. The applicant may submit evidence, examine the evidence used in making the initial and reconsideration determinations, and present and question witnesses. *Id.* § 404.929. The ALJ may ask questions

---

[4]An applicant may also request a hearing under other circumstances not at issue here. *See* 20 C.F.R. § 404.930(a).

and "will issue a decision based on the preponderance of the evidence in the hearing record." *Id.*

If the ALJ issues an unfavorable decision and the Appeals Council denies review, the applicant may appeal the decision to a federal district court under 42 U.S.C. § 405(g). Under § 405(g), the court has limited authority:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security … because of failure of the claimant or such individual to submit proof in conformity with any regulation …, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision.

42 U.S.C. § 405(g).

**B.     Preliminary Injunctions**

A district court may issue a preliminary injunction only "on notice to the adverse party" and "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(a)(1), (c).

"[A] preliminary injunction is a drastic and extraordinary remedy." *In re Sealed Search Warrant and Application for a Warrant by Tel. or Other Reliable Elec. Means*, 11 F.4th 1235, 1248 (11th Cir. 2021) (internal quotation marks and quoted authority omitted). To obtain one, the movant must clearly establish that (1) the movant has a substantial likelihood of success on the merits, (2) the movant will suffer irreparable injury in the absence of the injunction sought, (3) any threatened harm to the movant that might be inflicted because of the proposed injunction will outweigh any damage to the opposing party, and (4) the injunction sought would not be adverse to the public interest. *Id.*

Under the Local Rules, a motion for a preliminary injunction must include "a precise and verified explanation of the amount and form of the required security," a supporting legal memorandum, and a proposed order. Local Rule 6.01(a)(3)–(5); Local Rule 6.02(a) (applying Local Rule 6.01(a) to motions for preliminary injunctions). The legal memorandum must establish "(1) the likelihood that the movant ultimately will prevail on the merits of the claim, (2) the irreparable nature of the threatened injury …, (3) the harm that might result absent a [preliminary injunction], and (4) the nature and extent of any public interest affected." Local Rule 6.01(b); Local Rule 6.02(a) (applying Local Rule 6.01(b) to motions for preliminary injunctions).

## III.   Analysis

The plaintiff proceeds under § 405(g), but fails to show that the Court has the authority under that statute to provide the relief he requests (enjoining the Acting Commissioner from calling ALJs "judges" and invalidating the public law reclassifying hearing examiners as administrative law judges).

Even assuming the Court has that authority under § 405(g) or otherwise, the plaintiff fails to comply with the requirements for obtaining a preliminary injunction and fails to satisfy his high burden of showing a preliminary injunction is warranted. At a minimum, he fails to argue, much less clearly establish, that he has a substantial likelihood of success on the merits, he will suffer irreparable injury in the absence of the injunction sought, any threatened harm to him that might be inflicted because of the proposed injunction will outweigh any damage to the Acting Commissioner, and the injunction he wants would not be adverse to the public interest.

Accordingly, denying his motion is warranted.[5]

## IV.   Recommendation

The undersigned **recommends** denying the plaintiff's motion for a preliminary injunction, Doc. 17.

---

[5]Although denying the plaintiff's motion is warranted, the Court notes its familiarity with the difference between an "administrative law judge" associated with agency proceedings and a "judge" associated with court proceedings. The words "administrative law" before "judge" serve to distinguish the types of adjudicators and the roles they play in the decision-making process.

## V.   Deadlines to Object and Respond to Objections

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on October 3, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Gurgen Petrosyan
     6277 Creetown Drive
     Jacksonville, FL 32216