United States District Court
Middle District of Florida
Jacksonville Division

GURGEN PETROSYAN,

       *Plaintiff,*

v.                            **NO. 3:22-cv-461-MMH-PDB**

ACTING COMMISSIONER OF SOCIAL
SECURITY,

       *Defendant.*

---

# Report and Recommendation

Before the Court are the Acting Commissioner of Social Security's motion to reverse and remand, Doc. 23, and the plaintiff's motion to change his "filing name" to John Doe, Doc. 26. The plaintiff, proceeding pro se, opposes remand. Doc. 24. The Acting Commissioner opposes a name change. Doc. 29.

## I.    Motion to Remand

### A.    *Filings*

The plaintiff filed a brief challenging a decision by an administrative law judge (ALJ) denying him benefits. Doc. 22; *see also* Tr. 12–33 (decision). After a hearing, *see* Tr. 34–59 (transcript), the ALJ found the plaintiff can perform "medium work"[1] with additional limitations and is not disabled, Tr. 19, 27. To explain the determination, the ALJ discussed findings from physical examinations indicating the plaintiff's abilities are normal to mildly impaired.

---

[1]"Medium work" is work involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

Tr. 21–23. The ALJ also considered opinions from treatment providers and medical consultants, Tr. 23–25, and hearing testimony from the plaintiff and a vocational expert, Tr. 20, 26–27.

The Acting Commissioner asks the Court to reverse and remand the case under sentence four of 42 U.S.C. § 405(g) because the hearing transcript "contains a significant amount of '[INAUDIBLE]' notations." Doc. 23 at 1. On remand, the Acting Commissioner intends to "offer [the] [p]laintiff the opportunity for a new hearing and issue a new decision." Doc. 23 at 1.

The plaintiff opposes remand because he believes the Social Security Administration (SSA) will process his case slowly and treat him unfairly. *See generally* Docs. 24, 28. He contends:

> [T]he evidence overwhelming for the [Acting Commissioner's] motion to be found illegal in a court of law. The federal court should not be associated with any party to any motions supporting and abiding the commissioner's impairment to stop the death of disabled Americans, including myself. The Social security agency disability process it is dysfunctional. Disabled Americans are dying because of such dysfunction.
>
> …
>
> [I]f the court remands my case back to the agency then the court in agreement with an agency's dysfunctional operations for disability evaluation. Agency's failure to ask for budgetary increases from congress and provide just speedy cause for disability deliberations is one of the reasons the remand should not be considered and legally rejected.
>
> …
>
> [U]nder 42 U.S.C. § 405(g) the court cannot remand the case back to the agency because the agency is dysfunctional. … [M]ore than 100,000 disabled Americans have died awaiting a final decision on their appeal for SSA disability benefits.

Doc. 24 at 2–4 (emphasis omitted).

The plaintiff contends the Court cannot remand the case because the agency "abus[ed] [his] constitutional rights as a wounded warrior" and would "continue abusing [his] fundamental rights to due process." Doc. 24 at 4. He states, "Eighter [sic] the agency must correct itself or I must be proven wrong in a legal process." Doc. 24 at 4 (emphasis omitted). He continues:

> The most important and most painful to me is that the agency does not care how I incurred my disability, and the mission of the agency is to care for the general welfare of the citizens including the combat veteran of the United States of America. … The agency exercising a constitutional violation of my rights as a war veteran. War Trauma and Civilian Trauma treated in the same evaluation standards creates a due process violation.

Doc. 24 at 4 (emphasis omitted).

The plaintiff contends the Acting Commissioner "acknowledges its failure to validate [his] disability needs" and "fully excepted [sic] its fault and asked for a remand." Doc. 24 at 5 (emphasis omitted). He complains the SSA "is an abuser of [his] civil rights and statutory rights" and states that "this court should not send [him] back to the abuser."[2] Doc. 24 at 5 (emphasis omitted). He contends that § 405(g) "forbids [the Court] to remand [his] case to an agency where [his] disability validation and civil rights are abused by a bureaucratic disaster." Doc. 24 at 5–6 (emphasis omitted).

The plaintiff contends, "The court cannot send [him] back to a place where [he has] to address an agency employee a judge and address him or her

---

[2]The plaintiff brought a backpack and water bottle to his hearing appointment. Tr. 340, 342. He apparently had an "outburst" after going through security. Tr. 340. He believes the security process "violated [his] rights for search and seizure process[.]" Tr. 340. He believes he was treated like a felon or criminal. Tr. 340. The allegations are immaterial to whether remand is warranted because they do not pertain to the final decision under review.

as ['Your Honor'] without violating [his] religious consciousness."[3] Doc. 24 at 6 (emphasis omitted). He continues, "It is the creator of heaven and earth [he] call[s] Judge. It is the local and the state and the federal judicial officials ----[he] address[es] them as a judge because there are only citizens in our Republic authorized to do justice on this earth. …[T]he agency violating [his] first amendment right to exercise [his] faith."[4] Doc. 24 at 6–7 (emphasis omitted).

The plaintiff concludes, "[T]he court has no legal standing to remand [his] case due to the agency's dysfunctional, discriminatory, incompetent, and abusive disability system." Doc. 24 at 8 (emphasis omitted).

The Acting Commissioner replies, "It appears [the] [p]laintiff is asking this Court to deny [the remand motion] and award him benefits because a remand will cause delay." Doc. 27 at 1 (internal citation omitted). She contends remand is necessary for additional fact-finding, not payment of benefits. Doc. 27 at 1–2.

The plaintiff disagrees, explaining that he is not requesting a benefits award based on a "penalty of delay[.]" Doc. 28 at 1–2 (emphasis omitted). He states that "it is not important" that the SSA violates his constitutional rights, ignores "the general welfare and common defense clause," disregards his civil and statutory rights, ignores "federal laws and Executive Presidential orders,"

---

[3]Earlier in the case, the plaintiff moved for injunctive and declaratory relief. Doc. 17. He asked the Court to enjoin the Acting Commissioner from calling administrative law judges "judges" and to declare invalid the act designating former "hearing examiners" as "administrative law judges." Doc. 17. The Court denied the motion. Docs. 19, 21.

[4]The plaintiff fails to state a discernible cause of action based on the First Amendment right to free exercise of religion. "[T]he protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). The designation does neither. Regardless, despite the title "Judge," no law requires the plaintiff to address ALJs as "Your Honor" or "Judge."

and wastes judicial resources and taxpayers' money. Doc. 28 at 2–3. He asserts, "[W]hat is important … is that [he] will not be an accomplice to a murder of a disabled American." Doc. 28 at 4 (emphasis omitted). He adds, "The future order from the court to remand can only be interpreted in the legal world as a beyond reasonable doubt that [he] will take a holding place of a disabled American who he or she is going to die because [he is] sent back to the agency's dysfunctional, discriminatory, incompetent, and abusive disability system." Doc. 28 at 4 (emphasis omitted). He contends his disability is proven beyond doubt. Doc. 28 at 6–7.

**B.  *Law***

*1.  Separation of Powers*

The United States Constitution "confers limited authority on each branch[.]" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). The Constitution vests Congress with enumerated "legislative Powers," U.S. Const. art. I, § 1, the President with "[t]he executive Power," U.S. Const. art. II, § 1, cl. 1, and federal courts with "[t]he judicial Power of the United States," U.S. Const. art. III, § 1. "[T]o remain faithful to this tripartite structure, the power of the Federal Judiciary may not be permitted to intrude upon the powers given to the other branches." *Spokeo*, 578 U.S. at 337. Federal district courts accordingly are "empowered to hear only those cases … entrusted to them by a jurisdictional grant authorized by Congress," *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal quotation marks and quoted authority omitted), and jurisdiction is "limited to those subjects encompassed within [the] statutory grant of jurisdiction," *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (internal quotation marks and quoted authority omitted).

2.    *Limited Judicial Review of Final Decisions by the Commissioner of Social Security*

The SSA uses an administrative review process a claimant ordinarily must follow to receive benefits or judicial review of a denial of benefits. 20 C.F.R. § 404.900.[5] Throughout this process, "the claimant bears the burden of proving that he is disabled[.]" *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Typically, a state agency acting under the Commissioner's authority makes an initial determination. 20 C.F.R. §§ 404.900(a), 404.1503(a) & (b). If dissatisfied with that determination, the claimant may ask for reconsideration. 20 C.F.R. § 404.907. If dissatisfied with the reconsideration determination, the claimant may ask for a hearing before an ALJ. 20 C.F.R. §§ 404.929, 404.930. If dissatisfied with the ALJ's decision, the claimant may ask for review by the Appeals Council. 20 C.F.R. § 404.967. If the Appeals Council denies review, the claimant may sue in federal district court seeking review of the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

Although Congress authorizes federal district courts to review final decisions of the Commissioner of Social Security, Congress has strictly limited that judicial review:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. … As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings

---

[5]In the final agency decision under review, the ALJ stated the plaintiff had applied for both disability-insurance benefits and supplemental-security income. Tr. 15. The record contains no application for supplemental-security income, and in the complaint, the plaintiff requests review only of a disability-insurance-benefits decision. Doc. 1 at 2. The undersigned thus cites the regulations applicable to disability-insurance benefits.

and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.[6] The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Commissioner of Social Security, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. … The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

A court's review of the Commissioner's decision therefore is limited to the issues of whether substantial evidence supports the factual findings and whether the correct legal standards were applied. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoted authority omitted). The "threshold for such evidentiary sufficiency is not high." *Id*. If substantial evidence supports an ALJ's decision, a court must affirm, even if other evidence preponderates against the factual findings. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). The court may not decide facts anew, reweigh evidence, make credibility determinations, or substitute

---

[6]This sentence—"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."—is sentence four of 42 U.S.C. § 405(g), under which the Acting Commissioner requests remand. *See generally* Doc. 23.

its judgment for the Commissioner's judgment. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

3.    *Regulations Requiring a Typed Copy of the Proceedings*

Social-security regulations provide, "All hearings will be recorded. The hearing recording will be prepared as a typed copy of the proceedings …." 20 C.F.R. § 404.951(a). "All evidence upon which the [ALJ] relies for the decision must be contained in the record …. The official record of [the] claim will contain … a verbatim recording of all testimony offered at the hearing. …" 20 C.F.R. § 404.951(b).

4.    *Judicial Award of Benefits*

"Generally, a reversal with remand … is warranted where the ALJ has failed to apply the correct legal standards." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). But a court may reverse and remand for an award of benefits where the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Id.*; *see also Carnes v. Sullivan*, 936 F.2d 1215, 1219–20 (11th Cir. 1991) (reversing and remanding for an award of benefits because the claimant established disability, the record "[was] fully developed," and remand for additional evidence was unnecessary); *Kropp v. Comm'r of Soc. Sec.*, No. 6:20-cv-1196-RBD-DCI, 2021 WL 2228338, at *3 (M.D. Fla. May 12, 2021) ("The undersigned declines to find that the Commissioner has already considered the essential evidence here, where Claimant makes no argument to that effect, and where there is not a complete, consolidated record.").

In *Walden v. Schweiker*, the Eleventh Circuit reversed and remanded for an award of benefits and, in doing so, observed the claimant had "suffered an

injustice." 672 F.2d 835, 840 (11th Cir. 1982). The Eleventh Circuit held the ALJ had erred by applying an improper legal standard, failing to address the claimant's testimony and other evidence of pain, failing to make credibility findings, failing to develop the record, and exhibiting "total disregard" of "unrefuted evidence" of disability. *Id.* at 837. The Eleventh Circuit emphasized that the claimant's "unrefuted evidence established she was unable to perform her prior work," the "burden shifted to the [Commissioner] to show that [she] is capable of engaging in some substantial gainful activity," and the "[Commissioner] offered no evidence in support of his burden." *Id.* at 840. The Eleventh Circuit concluded, "Due to the perfunctory manner of the hearing [15 minutes], the quality and quantity of errors pointed out, and the lack of substantial evidence to support the ALJ's decision, this court is of the opinion the appellant has suffered an injustice." *Id.*

This Court has relied on *Walden* to reverse and remand for an award of benefits under narrow, extraordinary circumstances. *See, e.g.*, *Green v. Comm'r of Soc. Sec.*, No. 6:18-cv-1095-CEM-GJK, 2019 WL 1745372, at *1 (M.D. Fla. Apr. 18, 2019) (finding an injustice where the plaintiff underwent three administrative hearings, three appeals, and two remands over eleven years); *Rainey v. Comm'r of Soc. Sec.*, No. 5:17-cv-541-PRL, 2018 WL 3830069, at *2–4 (M.D. Fla. Aug. 13, 2018) (finding an injustice where the plaintiff underwent four administrative hearings and three appeals and the Commissioner failed to follow the Court's instructions on remands over a period of ten years).

But *Walden* did not hold a court may reverse a case for an award of benefits whenever the claimant has suffered what the court considers an injustice, regardless of whether the claimant has established disability. Since *Walden*, the Eleventh Circuit has explained that a court may reverse and award benefits "only if" the Commissioner "has already considered the

essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Stewart v. Comm'r of Soc. Sec. Admin.*, 746 F. App'x 851, 855 (11th Cir. Aug. 16, 2018) (quoting *Davis*, 985 F.2d at 534). As this Court has observed, the injustice standard is not "an independent basis for remand for an award of benefits but rather as a part of the consideration if it is also clear that the claimant is disabled and has been improperly deprived benefits." *Gardner v. Comm'r of Soc. Sec.*, No. 6:20-cv-484-CEM-GJK, 2021 WL 7451910, at *3 (M.D. Fla. Sept. 27, 2021).

## C.   *Analysis*

Here, the hearing transcript contains over 140 "[INAUDIBLE]" notations, mostly from the plaintiff's testimony. In the ALJ's decision, the ALJ does not address the "[INAUDIBLE]" notations. *See generally* Tr. 12–33. The record lacks a verbatim recording of all testimony offered at the hearing as required by the regulations, the record is incomplete, and whether the ALJ considered the essential evidence is unclear. Reversing the decision and remanding for a new hearing and decision is warranted.

An outright award of benefits is unavailable under the circumstances. Even if the Court agrees with some or all of the plaintiff's arguments, the appropriate relief is remand for further fact-finding because the plaintiff fails to show that the cumulative effect of the evidence establishes disability without any doubt. At a minimum, the ALJ's decision shows the ALJ considered objective medical evidence of normal to mildly impaired functioning, *see* Tr. 21–23, which cuts against disability. And the Court cannot fairly evaluate the plaintiff's contentions without a complete record. Delay— common in social-security cases—is the unfortunate result of too many claims and too few resources, not a reason for an award of benefits.

The plaintiff believes the SSA's disability-determination process is unfair because the SSA applies the same standards to veterans and civilians. Under the law, whether a person is disabled depends on the person's condition, not the cause of the condition. Under separation-of-powers principles, any change to that law must be made by Congress. To the extent the plaintiff contends equal treatment of veterans and civilians is a due-process or other constitutional violation, he fails to explain how. In any case, the United States has a separate disability system specifically for veterans, which the Department of Veterans Affairs (VA) administers. Through the VA, a disabled veteran may receive disability compensation for a service-connected condition. That a veteran may also obtain benefits through the SSA under the same standards as a civilian raises no apparent constitutional issue.

The plaintiff provides no authority for the contention that he "must be proven wrong in a legal process." *See* Doc. 24 at 4 (quoted). He—not the SSA—has the burden of proving disability. *See Ellison*, 355 F.3d at 1276. His contention that the Acting Commissioner "acknowledges its failure to validate [his] disability needs" and accepted "fault" by requesting a remand, Doc. 24 at 5, is unpersuasive. The Acting Commissioner requests a remand based on the "[INAUDIBLE]" notations in the hearing transcript, not a concession that the plaintiff is disabled under the law. *See* Doc. 23 (motion to remand); Tr. 34–59 (transcript).

Finally, even if the plaintiff has suffered what the Court considers an injustice, an outright award of benefits is nevertheless unavailable. The circumstances here are not of the extraordinary sort in the cases applying the injustice standard, and the plaintiff fails to establish disability without any doubt.

However frustrating the process has been for the plaintiff, remand for further proceedings rather than an outright award of benefits is appropriate. The Court is bound by the law above, and making an exception is outside the Court's authority.

## II.  Motion to Change the Plaintiff's "Filing Name" to John Doe

### A.  *Filings*

The undersigned earlier denied the plaintiff's motion to seal the fee-waiver application, "all and any pertaining financial and medical data" he submits, and "the forthcoming decision[.]" *See* Doc. 8 (motion); Doc. 10 (order).

The plaintiff now moves "to change [his] legal filing name to John Doe to protect [his] medical and financial data from the hostile world." Doc. 26. He contends the Court and Department of Justice "will be in violation of federal law if [his] medical and financial data are open to public view"; he is "disobeying military law" by initiating this appeal; his "medical data is subject to classified information, … the disclosure of which reasonably could be expected to cause serious damage to national security"; he is subject to military "retired status recall," and "the enemy of the United States cannot have access to [his] data"; allowing his "medical data to be open for manipulation by bad actors" violates the Health Insurance Portability and Accountability Act of 1996 (HIPAA); the "federal judiciary is not exempt from privacy act of 1974"; his privacy is protected under Florida law; and Congress, the judiciary, and the federal government have no right to violate his privacy—only he can authorize the release of his medical and financial information, and if the Court violates his privacy he will sue for financial compensation. Doc. 26 at 2–6 (emphasis omitted).

The plaintiff asks the Court to "allow [him] to redact or change [his] full name, delete [his] full name, change to John Doe, or do anything the court can see as reasonable to protect [his] data." Doc. 26 at 6–7 (emphasis omitted). He states, "Under no circumstances [his] data should be traced to [his] legal name to [his] residence or any identifying data such as military service, DoD disability rating, etc." Doc. 26 at 7 (emphasis omitted).

The Acting Commissioner responds that the plaintiff "fails to identify any authorities that would justify treating his case differently from any other disability claimant seeking benefits before this Court. Indeed, many of the authorities [he] cites … clearly have no relevance[.]" Doc. 29 at 1 (internal citation omitted).

The plaintiff replies that his "privacy is already violated by an involuntary act initiated by [him]." Doc. 30 at 1. He observes that his name is unusual and states that "the consequence of [his] disability and financially violated privacy will be financially and mentally detrimental to [him] in [his] present and future community engagements." Doc. 30 at 2, 3. He worries "bad actors" may use knowledge of his "disability detriments" against him. Doc. 30 at 3. He adds that noise bothers him and repeats that he may be recalled to military service. Doc. 30 at 3–4, 5–7.

## B.  Law

In Federal Rule of Civil Procedure 5.2(c), Congress balanced the public's interest in judicial transparency against social-security claimants' interest in privacy. *See* Fed. R. Civ. P. 5.2(c) advisory committee's note (explaining the balance). Under that rule, anyone other than parties and their attorneys may access a full electronic record only by going to the courthouse; anyone uninvolved in the case has remote access only to the court docket and "an

opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record." Fed. R. Civ. P. 5.2(c).

Proceeding under a pseudonym is disfavored. *See, e.g.*, *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (observing that there is "a strong presumption in favor of parties' proceeding in their own names"). "The title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). Requiring names "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B*, 631 F.3d at 1315 (quoted authority omitted).

Although there is a "strong presumption" against anonymity in an action, the presumption is not absolute. *Id.* A party may proceed anonymously by showing the party "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1315–16 (internal quotation marks and quoted authority omitted).

"[T]he 'first step' in deciding whether privacy trumps publicity" is to analyze whether the party requesting anonymity is challenging governmental activity, will have to "disclose information of utmost intimacy," or will have to admit an "intent to engage in illegal conduct." *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (quoting *Plaintiff B*, 631 F.3d at 1316). Those "are merely a few of many factors that a court must consider." *Id.* at 1247 n.5. Other factors include whether the party requesting anonymity is a minor, whether the party requesting anonymity faces a real threat of physical harm absent anonymity, and whether anonymity would pose a "unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316. At

bottom, the court considers the totality of the circumstances. *Chiquita*, 965 F.3d at 1247 n.5.

## C.   *Analysis*

Considering the totality of the circumstances, allowing the plaintiff to proceed under a pseudonym is unwarranted. Privacy is undoubtedly important to him and many others similarly situated. But he fails to show a substantial privacy right that outweighs the presumption of openness in judicial proceedings. Rather, to balance privacy interests with openness interests, Rule 5.2(c) applies. Contrary to the plaintiff's contentions, requiring him to proceed in his own name violates no state or federal law. Moreover, he fails to identify a specific threat of harm or fundamental unfairness in the absence of anonymity.

## III.   Recommendation

The undersigned **recommends**:

(1)   **granting** the motion to reverse and remand, Doc. 23;

(2)   **denying** the motion to change the plaintiff's name, Doc. 26;

(3)   **reversing** the decision under sentence four of 42 U.S.C. § 405(g);

(4)   **remanding** the case with instructions to "offer [the] [p]laintiff the opportunity for a new hearing and issue a new decision"; and

(5)   **directing** the clerk to enter judgment for the plaintiff and against the Acting Commissioner of Social Security and close the file.

## IV.    Deadlines to Object and Respond to Objections

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections[.]" Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections alters the scope of review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on May 9, 2023.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    The Honorable Marcia Morales Howard
Counsel of record
The plaintiff (by U.S. Mail)

16