**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GURGEN PETROSYAN,

      Plaintiff,

v.   Case No. 3:22-cv-461-MMH-PDB

ACTING COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court on the document Plaintiff filed on July 12, 2023, beginning "Sultan Mehmed IV to the Zaporozhian Cossacks," which the Court construes as a motion to recuse and for reconsideration (Doc. 40; Motion). In the Motion, Plaintiff requests that the undersigned recuse herself from presiding over this case. See Motion at 8-9. Plaintiff also appears to seek reconsideration of the Court's July 6, 2023 Order (Doc. 38) striking Plaintiff's "Response and Objections" (Doc. 36) to the Report and Recommendation (Doc. 31; Report). Upon due consideration, the Court finds that the Motion is due to be denied.

    With respect to Plaintiff's request for recusal, it appears that the sole basis for this request is Plaintiff's disagreement with the undersigned's rulings in this case. See Motion at 8 ("[Y]our order to strike my arguments disqualifies you from presiding over my disability case."). The undersigned has fully

reviewed and considered the Motion and finds that there is no reason for the undersigned to recuse herself. See Byrne v. Nezhat, M.D., 261 F.3d 1075, 1102-03 (11th Cir. 2001) abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008); McWhorter v. City of Birmingham, 906 F.2d 674, 678-79 (11th Cir. 1990). Plaintiff has identified no legitimate or factual basis for his unsupported claims of prejudice or corruption, and his displeasure with the Court's rulings provide no basis for recusal. See Stringer v. Doe, 503 F. App'x 888, 890 (11th Cir. 2013) ("Judicial rulings standing alone rarely constitute a valid basis for a bias or partiality motion."). As such, the undersigned is obligated to continue to preside over this matter. See United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) ("[A] judge, having been assigned to a case, should not recuse [her]self on unsupported, irrational, or highly tenuous speculation."); Lawal v. Winners Int'l Rests. Co. Operations, Inc., No. 1:04-CV-0913-WSD, 2006 WL 898180, at *4 (N.D. Ga. Apr. 6, 2006) ("'A trial judge has as much obligation not to recuse [her]self when there is no reason to do so as [s]he does to recuse [her]self when the converse is true.'"); United States v. Malmsberry, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002) ("[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require.").

As to Plaintiff's motion for reconsideration, this request is also due to be denied. The Court has not deprived Plaintiff of the opportunity to be heard in

this lawsuit. Indeed, the Court will review and consider all arguments Plaintiff presents in his objections to the Report. Nevertheless, as previously explained, those objections must be set forth in a single document filed no later than **August 21, 2023**. Notably, in the ordinary course, parties must file objections to a report and recommendation within fourteen days. See Rule 72(b)(2), Federal Rules of Civil Procedure (Rule(s)). Here, Plaintiff has been granted over three months to prepare and file his objections. The Court simply cannot allow this case to languish for the fourteen additional months Plaintiff requests. See Rule 1 (requiring the "just, speedy, and inexpensive determination of every action and proceeding"); see also Order (Doc. 18) (explaining the Court's duty to timely resolve the matters before it). In light of the foregoing, it is

**ORDERED:**

Plaintiff's requests for recusal and reconsideration set forth in Document 40 are **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 31st day of July, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties