UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GURGEN PETROSYAN,

    Plaintiff,

v.                                  Case No. 3:22-cv-461-MMH-PDB

ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 31; Report), entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on May 9, 2023. In the Report, Judge Barksdale recommends that Defendant's Opposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to Defendant (Dkt. No. 23) be granted; Plaintiff's Motion to Change Name (Dkt. No. 26) be denied; the decision of the Social Security Administration be reversed and the case remanded with instructions; and the Clerk of the Court be directed to enter judgment and close the case. See Report at 16.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

On May 15, 2023, Plaintiff filed a document titled "Granting disability benefits-OR-extending the deadline to Object and Respond to Objections," see Dkt. No. 32, in which he requested 12 to 24 months to prepare his objections to the Report. On May 16, 2023, the Court granted Plaintiff an extension of

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 16.

time until June 30, 2023, to file his objections and advised Plaintiff that the exceptionally long extension of time which he sought was not appropriate and would only delay for far too long the resolution of his claim. See Order (Dkt. No. 34; May 16 Order). On June 30, 2023, Plaintiff filed his 96 page Response and Objections for May 9, 2023, Report and Recommendation (Dkt. No. 36; Response). In that Response, Plaintiff asserted objections, but also requested an additional 14 months to "finish my response to the report and recommendation." Id. at 1-2. Upon review, the Court struck the Response and granted Plaintiff an extension of time until August 21, 2023, to file his complete objections to the Report in one document. See Order (Dkt. No. 38; July 6 Order). The Court also reminded Plaintiff that he had previously been cautioned that his "objections must be specific, must identify the legal and/or factual errors in the Report, and cannot simply express dissatisfaction with the Magistrate Judge's recommendation." Id. at 2 (citing May 16 Order at 1-2). In the July 6 Order, the Court also cautioned Plaintiff that no further extensions of time would be granted. See id.

Prior to receiving the July 6 Order, Plaintiff separately filed a request for extension of time to object to the portion of the Report regarding Plaintiff's request to change his name. See Request for an Extension of Time for the Objection Against the Release of my Medical and Financial Data to the Public (Dkt. No. 37). In response, the Court entered an Endorsed Order denying the

-3-

request and reminding Plaintiff that he was previously granted an extension of time until August 21, 2023, to file <u>any and all</u> objections to the Report. <u>See</u> Endorsed Order (Dkt. No. 39; July 11 Order). Shortly thereafter, Plaintiff requested that the undersigned recuse herself from this matter, <u>see</u> Dkt. No. 40, and he filed a Notice of Interlocutory Appeal (Dkt. No. 41) of this Court's July 11 Order. The Court denied Plaintiff's motion for recusal, <u>see</u> Order (Dkt. No. 43; July 31 Order), and Plaintiff filed a Notice of Interlocutory Appeal (Dkt. No. 46) of the July 31 Order. The Court of Appeals has dismissed both interlocutory appeals for failure to prosecute. <u>See</u> Order of USCA (Dkt. No. 48); Order of USCA (Dkt. No. 49). As of this date, Plaintiff has failed to file his objections to the Report in a single document as directed by the Court, and the time for doing so has passed.

Despite having stricken the Response, in an abundance of caution, the Court reviewed the arguments set forth there and finds that they provide no basis for relief. Upon independent review of the record, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

In light of the foregoing, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 31) is **ADOPTED** as the opinion of the Court.

2. Defendant's Opposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to Defendant (Dkt. No. 23) is **GRANTED**.

3. Plaintiff's Motion to Change Name (Dkt. No. 26) is **DENIED**.

4. The Clerk of the Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to "offer [the] [p]laintiff the opportunity for a new hearing and issue a new decision."

5. The Clerk of the Court is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of October, 2023.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Party